**In re Anonymous No. 31 D.B. 90 and 107 D.B. 91**

Disciplinary Board Docket no. 31 D.B. 90 and 107 D.B. 91.

LEONARD, *Member,* November 4, 1993—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania ("board") herewith submits its findings and recommendations to your honorable

court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

A petition for discipline was filed on September 16, 1991, which imposed two charges against respondent for violations of the Disciplinary Rules. The misconduct in the first action resulted from respondent's neglect of a driver's license reinstatement proceeding along with conversion and misappropriation of funds intended for debt clearance with creditors. The misconduct in the second action involved a former private reprimand which imposed a condition requiring respondent to repay client funds. Respondent never fulfilled the condition.

On October 23, 1991, respondent filed an answer to the petition. Subsequently the matter was referred to Hearing Committee [    ], chaired by [    ], Esquire, and included members [    ], Esquire, and [    ], Esquire. At the pre-hearing conference which was held before the Hearing Committee Chairman on December 16, 1991, respondent was instructed to provide copies of any exhibits that would be entered into admission relative to existing bank accounts on or before January 15, 1992.

Respondent failed to supply such documentary evidence to Disciplinary Counsel or the committee prior to or at the formal hearing which was held on February 4, 1992. The committee recommended that respondent's conduct warranted disbarment from the practice of law in Pennsylvania. Neither party filed a brief on exceptions, even though respondent's request for an extension was granted on April 11, 1993. Finally, the matter was adjudicated before the board at a meeting held on June 16, 1993.

## II. FINDINGS OF FACT

The board adopts the following findings of fact which have been stipulated to by the parties and are supported by both documentary and testimonial evidence:

1. Petitioner, whose principal office is located at Suite 400, Union Trust Building, 501 Grant Street, Pittsburgh, Pennsylvania 15219, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and the duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

2. Respondent was admitted to the practice of law in Pennsylvania in 1974. He is presently on inactive status and maintains his residence at [    ].

### CHARGE I

3. On or about August 16, 1989, respondent agreed to represent complainant, [A], regarding a petition for reinstatement of his driver's license, which had been suspended.

4. From on or about August 16, 1989 until on or about February 5, 1990, complainant paid respondent $1,095.00 in cash and checks, including a check for the amount of $180.00 for a filing fee.

5. Even though respondent failed to petition for reinstatement of the driver's license, he informed complainant that the reinstatement hearing had been held, when in fact no such hearing ever took place.

a. In order to attend the alleged hearing, complainant and respondent met in [    ], Pennsylvania, and travelled together to [    ].

b. Respondent requested that complainant wait outside of a courtroom while respondent went inside to attend the alleged hearing.

6. At a later date, respondent admitted to complainant that he had failed to take action with reference to the driver's license reinstatement.

7. On or about October 5, 1989, respondent also agreed to represent complainant regarding payment of debts to two creditors.

8. Between November 1989 and March 1990, complainant paid respondent a total of $1,478.77 in cash and checks representing payment for respondent's legal services plus payments to be forwarded by respondent to the two creditors.

9. Respondent failed to make any payments to the two creditors. Instead, he cashed the checks at [B] Bank without the knowledge, consent, or permission of complainant.

10. Respondent failed to produce any records or other financial documentation to prove that the cash had been deposited in any identifiable bank account or maintained in trust or escrow. (PE-2.)

11. Respondent failed to make restitution to complainant prior to and after notification of the complaint which was filed against him.

12. Furthermore, respondent falsely informed complainant that he transmitted the sums to the two creditors.

### CHARGE II

13. By letter dated March 13, 1990 the secretary of the board advised respondent that the board had directed that respondent receive a private reprimand with conditions as a result of misconduct involving complainants. The said letter further notified respondent

that proof of compliance "with the conditions in the order is required at least five days prior to the date of the private reprimand." (PE-11.)

14. Pursuant to Pa.R.D.E. 208(a)(6), respondent was allowed twenty (20) days to secure vacation of the private reprimand and demand institution of formal proceedings against him. Respondent failed to demand the institution of such proceedings.

15. By notice of May 31, 1990 respondent was directed to appear before the board on June 22, 1990 for the purpose of receiving his private reprimand. (PE-12.)

16. Respondent appeared but failed to comply with the conditions of the private reprimand. Continuances were granted on July 31, 1990 and January 4, 1991 at the request of respondent, who was unable to comply with the conditions.

17. Respondent has failed to provide said proof to the office of the secretary.

18. The Hearing Committee found that respondent's conduct was unmitigated and that the testimony before the Hearing Committee was presented with the intention of clouding the issues and covering the conduct of respondent.

19. The Hearing Committee Chairman reported receiving a telephone call from counsel for complainants indicating that respondent had negotiated a payment schedule for the balance of funds due complainants several days prior to the February 4, 1992 hearing.

### III. CONCLUSIONS OF LAW

The board has determined that respondent has violated the following Rules of Professional Conduct, Disciplinary Rules of the Code of Professional Responsibility

and the Pennsylvania Rules of Disciplinary Enforcement:

(a) R.P.C. 1.2(a), which requires a lawyer to consult with a client concerning the objectives of the representation and abide by the client's decision;

(b) R.P.C. 1.3, which requires a lawyer to act with reasonable diligence and promptness in representing a client;

(c) R.P.C. 1.4(a), which requires a lawyer to keep a client reasonably informed about the status of a matter and to promptly comply with reasonable requests for information;

(d) R.P.C. 1.4(b), which requires a lawyer to explain a matter to the extent necessary for a client to make informed decisions regarding the representation;

(e) R.P.C. 1.5(a), which prohibits a lawyer from collecting an illegal or clearly excessive fee;

(f) R.P.C. 1.15(b), which requires a lawyer to promptly deliver to a client any funds or other property that the client is entitled to receive and shall promptly render a full accounting regarding such property;

(g) R.P.C. 1.15(c), which requires a lawyer to keep property that is in dispute separate until the dispute is resolved;

(h) R.P.C. 8.4(a), which prohibits a lawyer from violating or attempting to violate the rules of professional conduct, knowingly assist or induce another to do so, or do so through the acts of another;

(i) R.P.C. 8.4(b) which prohibits a lawyer from committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness;

(j) R.P.C. 8.4(c), which prohibits a lawyer from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

(k) R.P.C. 8.4(d) and D.R. 1-102(A)(5), which prohibits a lawyer from engaging in conduct that is prejudicial to the administration of justice;

(l) D.R. 1-102(A)(6), which prohibits a lawyer from engaging in any other conduct that adversely reflects on his fitness to practice law;

(m) D.R. 6-101(A)(3), which prohibits a lawyer from neglecting a legal matter entrusted to him;

(n) D.R. 7-101(A)(1), which prohibits a lawyer from intentionally failing to seek the lawful objectives of his client through reasonably available means;

(o) D.R. 7-101(A)(2), which prohibits a lawyer from intentionally failing to carry out a contract of employment entered into with a client for professional services;

(p) D.R. 7-101(A)(3), which prohibits a lawyer from intentionally prejudicing or damaging his client, during the course of the professional relationship; and,

(q) Pa.R.D.E. 203(b)(3), and 204(b), wilful violation of any other provision of the Enforcement Rules and failing to comply with conditions that may be attached to an informal admonition or private reprimand.

## IV. DISCUSSION

The above charges were brought against respondent for misconduct occurring since 1989. The first charge primarily involves acts of conversion and misappropriation of client funds. At the hearing, respondent testified that he possessed the funds, but he failed to produce them, or any record thereof. See Report of Hearing Committee [    ], at 5. Instead, his conduct rose to the level of dishonesty, fraud, and deceit, which includes the element

of scienter. *In re Anonymous No. 32 D.B. 88,* 10 D.&C.4th 463 (1989). Respondent has a continuing obligation to protect the interest of his client just as he did when he first took the case. *In the Matter of Leopold,* 469 Pa. 384, 366 A.2d 227 (1976). In addition, respondent failed to produce any evidence of mitigating circumstances, and the Hearing Committee found that his testimony only served to cover his conduct. Report, *supra,* at 8. Since respondent's misconduct occurred over a period of time and his disciplinary violations are numerous, any evidence of mitigation is nullified. *Office of Disciplinary Counsel v. Knepp,* 497 Pa. 396, 403-04, 441 A.2d 1197, 1201 (1982).

A per se rule does not exist for cases involving commingling and conversion of client funds. *Office of Disciplinary Counsel v. Kanuck,* 517 Pa. 160, 174, 535 A.2d 69, 76 (1987). However, the Pennsylvania Supreme Court has considered such conduct to be egregious, and takes a harsh view of such cases. *Office of Disciplinary Counsel v. Braun,* 520 Pa. 157, 553 A.2d 894 (1989). Furthermore, mishandling of client funds constitutes a serious breach of public trust. *Office of Disciplinary Counsel v. Lewis,* 493 Pa. 519, 426 A.2d 1138 (1981). Moreover, replacement of funds or the ability to do so is irrelevant in disciplinary proceedings. *Kanuck, supra* at 174, 535 A.2d at 76.

On the other hand, disciplinary matters are decided upon the totality of the given facts. *Office of Disciplinary Counsel v. Lucarini,* 504 Pa. 271, 472 A.2d 186 (1983). Hence, respondent's second charge must be considered before the degree of discipline can be ascertained. The second charge relates to respondent's misconduct before

the Disciplinary Board, when he failed to institute formal proceedings, which required him to comply with the conditions of the private reprimand. He failed to meet these conditions, and, after repeated grants of continuances, he demonstrated an unwillingness to satisfy them. Such conduct is unconscionable.

Other cases containing similar facts have shown that disbarment is the appropriate discipline. In the first case, the respondent converted client funds in two separate instances. Even though he presented evidence of mitigation, the court considered him to be harmful to members of the public. *Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 506 A.2d 872 (1986). The second case also involved two charges for converting client funds. See *Office of Disciplinary Counsel v. Ewing,* 496 Pa. 35, 436 A.2d 139 (1981). In *Lucarini, supra,* four incidents of conversion resulted in a disbarment.

The facts in the last two cases bear analogy to the instant matter. In the first case, respondent received funds on behalf of a client, and he also had a history of two informal admonitions. The Hearing Committee found that respondent's explanations were inadequate and recommended disbarment. *Lewis, supra.* The other case consisted of multiple violations, coupled with a lack of mitigating evidence, which warranted disbarment. See *In re Anonymous No. 110 D.B. 89,* 11 D.&C.4d 573 (1990).

The Disciplinary Board is an extension of the Supreme Court, which has the power to investigate the conduct of an attorney and impose disciplinary sanctions. *Leopold, supra.* Based upon the above facts and case law, the gravity of Respondent's unprofessional conduct, along with his disregard for the disciplinary system, warrants strict discipline. *In re Anonymous No. 127 D.B. 89,* 12 D.&C.4d 106, 120 (1991). Therefore, the Disciplinary Board concurs with the recommendation

of the Hearing Committee that respondent should be disbarred from the practice of law.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court respectfully recommends that respondent be disbarred from the practice of law in the Commonwealth of Pennsylvania.

The board further recommends that respondent be ordered to pay costs of investigating and prosecuting this matter.

Messrs. Paris, Powell, Saltz, Hill and Ms. McGivern dissented. Mr. Kerns and Ms. Flaherty did not participate in the adjudication.

## ORDER

And now, this 21st day of January, 1994, upon consideration of the report and recommendations of the Disciplinary Board dated November 4, 1993, it is hereby

Ordered that [respondent] be and he is disbarred from the Bar of this Commonwealth, and he shall comply with all the provisions of Rule 217, Pa.R.D.E.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.